UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
LATIMA PEELE, et al.,                              :
                                                   :
                    Plaintiffs,                    :
                                                   :      **Memorandum & Order**
           v.                                      :
                                                   :      06 Civ. 13423 (LBS)
JOHN B. MATTINGLY, et al.,                         :
                                                   :
                    Defendants.                    :
------------------------------------------------------------x

SAND, J.,

Plaintiff Latima Peele and her minor child, Tashya C., sue case workers, supervisors, and the Commissioner of the Administration of Children's Services (collectively the "ACS defendants"); the City of New York; an officer in the New York City Police Department; and the Commissioner of the New York City Police Department. Plaintiffs allege that defendants violated 42 U.S.C. § 1983 by unlawfully removing the child from the custody of her mother. Before the Court is the defendants' motion for summary judgment based upon qualified and absolute immunity. Plaintiffs seek further discovery pursuant to Fed. R. Civ. P. 56(f).

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A nonmoving party who bears the burden of proof at trial must go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324. There is only a "genuine issue" of fact if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. Anderson v. Liberty Lobby, 477 U.S. 242, 249-50 (1986).

The present motion before the Court seeks summary judgment for all defendants based upon qualified immunity.  Qualified immunity applies to suits against state officials for acts in the course of their duties that do "not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Cartier v. Lussier, 955 F.2d 841, 843 (2d Cir. 1992) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).  It applies when either: (i) the state official did not violate a clearly established right; or (ii) it was objectively reasonable for the state official to believe that he was not violating a clearly established right.  Anderson v. Recore, 317 F.3d 194, 197 (2d Cir. 2003).  "The objective reasonableness test is met – and the defendant is entitled to immunity – if 'officers of reasonable competence could disagree' on the legality of the defendant's actions." Lennon v. Miller, 66 F.3d 416, 420 (2d Cir. 1995) (quoting Malley v. Briggs, 475 U.S. 335, 341 (1986)).

Plaintiffs argue that they have not yet had a sufficient opportunity for discovery to adequately oppose defendants' motion for summary judgment because (1) defendants have not produced all of the requested documents, (2) this Court has stayed the taking of depositions, and (3) the defendants have not responded substantively to plaintiffs' requests for admissions.

Rule 56(f) allows a court to deny summary judgment or order a continuance if the nonmoving party has not had an opportunity to make full discovery. Celotex, 477 U.S. at 326.  The Supreme Court has stressed Rule 56(f) as an important safety valve to prevent nonmovants from being "railroaded" by a premature summary judgment motion.  Id.; see also Anderson, 477 U.S. at 250 n. 5 (Rule 56(f) provides that "summary judgment be refused where the nonmoving party has not had the opportunity to discover information

that is essential to his opposition."). To obtain relief under Rule 56(f), the nonmoving party must submit an affidavit explaining: "(1) what facts are sought and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what efforts the affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts." Hudson River Sloop Clearwater, Inc. v. Department of the Navy, 891 F.2d 414, 422 (2d Cir. 1989).

      Plaintiffs' counsel has submitted a declaration satisfying these requirements. The facts sought by plaintiffs through deposition discovery promise to fill in material gaps in the chronology of events; illluminate the defendants' knowledge at each phase of the investigation; reveal a more complete picture of the investigative steps taken; and disclose the rationale underlying certain decisions made by the defendants. This information will be critical in determining whether it was objectively reasonable for the defendants to believe that they were not violating plaintiffs' clearly established rights when removing the infant plaintiff. See Castro v. U.S., 34 F.3d 106, 112 (2d Cir. 1994) ("Where the claimant's description of the events suggests that the defendants' conduct was unreasonable, and the facts that the defendants claim are dispositive are solely within the knowledge of the defendants and their collaborators, summary judgment can rarely be granted without allowing the plaintiff an opportunity for discovery as to the questions bearing on the defendants' claims of immunity."). The discovery completed thus far fails to sufficiently address these material facts.

      As plaintiff did not have an adequate opportunity to complete discovery on these issues that may be dispositive and are likely to present genuine issues of material fact, granting summary judgment on qualified immunity grounds would be inappropriate at

this time. It is therefore prudent, pursuant to Federal Rule of Civil Procedure 56(f), to hold the motion with respect to both qualified and absolute immunity in abeyance pending the completion of further discovery.[1]

### III. Conclusion

The stay of deposition discovery is lifted, and the parties are directed to submit to the Court a proposed discovery schedule by October 1, 2007.

SO ORDERED.

Dated: September 4, 2007
New York, NY

U.S.D.J.

---

[1] This Court believes that resolution of the absolute immunity issue must wait until additional facts regarding each ACS defendant's participation in the family court proceedings are discovered.